Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protests were sustained to this extent.

**No. 54036.**—M. G. Krohn & Co., Inc., and Uddo & Taormina Co. *v.* United States, protests 144446–K and 144759–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protests were sustained to this extent.

**No. 54037.**—Brauner & Co. *v.* United States, protest 150324–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protest was sustained to this extent.

**No. 54038.**—Copeland & Thompson, Inc. *v.* United States, protest 142346–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that cask No. 7864 was landed in bad order and upon examination was found to contain 31 wrapped packages, whereas the invoiced quantity of the cask indicated that 51 packages were shipped; that the 20 packages reported short by the inspector were not received in any other package covered by the entry; and that the issues herein are the same as those the subject of *United States* v. *Washington State Liquor Control Board* (34 C. C. P. A. 118, C. A. D. 352). In accordance with stipulation and following the decision cited it was held that duty is not assessable upon said 20 packages of chinaware figures indicated as short in the report of the discharging inspector. The protest was sustained to this extent.

**No. 54039.**—Balex Co., Inc., et al. *v.* United States, protests 138098–K, etc. (New York).